IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ABDULWALI HAKIM,

   Plaintiff,

v.                                         Civil Action No.:  ELH-22-168

WARDEN,

   Defendant.

**MEMORANDUM**

Self-represented Petitioner Abdulwali Hakim filed correspondence with the Court on January 21, 2022, that was construed as a Petition for Writ of Habeas Corpus filed pursuant to 28 U.S.C. § 2254. ECF 1.  Hakim was directed to file an Amended Petition and was provided forms for filing a Petition pursuant to 28 U.S.C. § 2241 and for filing a civil rights complaint pursuant to 42 U.S.C. § 1983. ECF 2. Hakim was also advised that if he intended to bring a civil rights action he could file a separate complaint. *Id*.

On February 7, 2022, Hakim filed his Amended Petition for Writ of Habeas Corpus (ECF 3), which is construed as having been filed pursuant to 28 U.S.C. § 2241. In his Amended Petition, Hakim explained that he was held without bond at the Prince George's County Detention ("PGCDC") since his arrest on April 26, 2020. *Id*. at 3. He stated that he was scheduled for trial on four separate occasions and alleged that "the Hicks date has been ignored and the court has gone beyond 180 day speedy trial request." *Id*.  He also alleged that he believed no grand jury had been convened because the state court was not open due to the COVID pandemic closures. *Id*.  He asked that the charges filed against him be dismissed and expunged from his record. *Id*.

Respondent was directed to Answer the Petition (ECF 5) and did so on May 27, 2022.  ECF

8.[1] Hakim has not filed a reply. Having reviewed the Amended Petition and the Answer, the Court finds that no hearing is necessary. Rules 1(b), 8, *Rules Governing Section 2254 Cases in the United States District Courts*; D. Md. Local R. 105.6.  For the reasons set forth below, the Court will dismiss the Amended Petition.

**A.**

At the time of filing of the Petition, Hakim was awaiting trial in the Circuit Court for Prince George's County on charges of first degree burglary, third degree burglary, fourth degree burglary, trespass on private property, two counts of second degree assault, theft under $1000, malicious destruction of property under $1000, and resisting arrest. *See State v. Hakim,* Circuit Ct. for Prince George's County, Case No. CT200577X.[2]  Hakim was indicted on July 9, 2020, and was subsequently ordered held without bond. *Id*. At the time of filing of the Answer to the Amended Petition, Hakim's trial was scheduled for August 1, 2022. *Id*.  Hakim pled guilty on August 1, 2022, to fourth degree burglary and two counts of second degree assault. *Id*.

**B.**

"Pretrial federal habeas relief is available under § 2241 if the petitioner is in custody, has exhausted state court remedies, and 'special circumstances' exist that justify intervention by the federal court." *Brazell v. Boyd*, 991 F.2d 787 (Table) (quoting *Dickerson v. Louisiana*, 816 F.2d 220, 224-26 (5th Cir. 1987)).  Exhaustion is established where both the operative facts and controlling legal principles of each claim have been fairly presented to the state courts. *See Baker*

---

[1] To the extent Respondent filed an answer addressing Hakim's claims regarding the conditions of his confinement those claims are not properly before the Court as Hakim was directed to file a separate civil rights case regarding those issues. As such, the claims regarding the conditions of Hakim's confinement at PGCDC shall not be considered.

[2] Available at https://casesearch.courts.state.md.us/casesearch/inquiryByCaseNum.jis (last visited Mar. 5, 2024).

*v. Corcoran*, 220 F.3d 276, 289 (4th Cir. 2000) (citations omitted). In the pretrial context, federal courts must abstain from exercising jurisdiction over a claim that may be resolved through trial on the merits or by other state procedures available for review of the claim. *See Braden v. 30th Judicial Circuit Court of Ky.*, 410 U.S. 484, 489-90 (1973). The state courts are to be afforded the first opportunity to review federal constitutional challenges to state convictions in order to preserve the role of the state courts in protecting federally guaranteed rights. *See Preiser v. Rodriguez*, 411 U.S. 475, 477 (1973).

Special circumstances justifying this Court's intervention do not exist where there are procedures in place to protect a petitioner's constitutional rights. *Brazell*, 991 F.2d 787 (citing *Moore v. DeYoung*, 515 F.2d 437, 449 (3d Cir. 1975)) (assertion of appropriate defense at trial forecloses pretrial federal habeas relief); *Drayton v. Hayes*, 589 F.2d 117, 120-21 (2d Cir. 1979) (double jeopardy claim justified pretrial federal habeas intervention, because constitutional right claimed would be violated if petitioner went to trial); *see also Younger v. Harris*, 401 U.S. 37 (1971).

As noted, before this Court may consider the merits of claims raised under 28 U.S.C. § 2254 which challenge the validity of a state court conviction, those claims must be exhausted before the state courts. *See* 28 U.S.C. § 2254(b) and (c); *see also Preiser v. Rodriguez*, 411 U.S. 475, 491 (1973). This exhaustion requirement is satisfied by seeking review of the claim in the highest state court with jurisdiction to consider it. For a person convicted of a criminal offense in Maryland this may be accomplished either on direct appeal or in post-conviction proceedings.[3]

---

[3] To exhaust a claim on direct appeal, if an appeal of right is not permitted, as in cases where a guilty plea is entered, exhaustion can be accomplished by filing an application for leave to appeal to the Appellate Court of Maryland. *See* Md. Code, Cts. & Jud. Proc. Article ("C.J."), §12-302(e). If the Appellate Court of Maryland denies the application, there is no further review

The Amended Petition and the state court docket do not reflect that Hakim exhausted any of his claims in state court. As Hakim's constitutional claims regarding his right to a speedy trial may be litigated in the context of his state criminal case, without harm to his constitutional rights, the Court will abstain from exercising jurisdiction so that the claims may be exhausted before the state court.

Additionally, the Amended Petition is now moot. This is because Hakim pleaded guilty and he is no longer a pretrial detainee seeking the dismissal of the charges against him, but rather a post-conviction inmate who may raise any constitutional claims by first exhausting his state court appellate and post-conviction remedies and then filing a Petition for writ of Habeas Corpus pursuant to 28 U.S.C. § 2254.

A case becomes moot only when it is *impossible* for a court to grant *any* effectual relief

---

available and the claim is exhausted. *See* C.J. §12-202. However, if the application is granted but relief on the merits of the claim is denied, Hakim must file a Petition for Writ of Certiorari to the Supreme Court of Maryland. *See Williams v. State*, 292 Md. 201, 210-11 (1981).

Further, Hakim must also avail himself of state post-conviction proceedings for claims that are not appropriate for relief on direct appeal. To exhaust a claim through post-conviction proceedings, it must be raised in a petition filed in the Circuit Court where Hakim was convicted and, if unsuccessful, must also be raised in an application for leave to appeal to the Appellate Court of Maryland. *See* Md. Code, Crim. Proc. Article § 7-109. If the Appellate Court of Maryland Appeals denies the application, there is no further review available and the claim is exhausted. *See* C.J. §12-202. However, if the application is granted but relief on the merits of the claim is denied, the petitioner must file a petition for writ of certiorari to the Supreme Court of Maryland. *See Williams, supra*.

Hakim must also comply with a one-year filing deadline to file a petition with this Court following exhaustion of his claims. Hakim is forewarned that the one-year filing deadline begins to run on the date his conviction is final. The one-year period is "tolled" during the time a properly filed post-conviction petition is pending in state court. This means that until a properly filed post-conviction petition is filed, the one-year time limitation for federal habeas corpus continues to run. Once post-conviction proceedings are completed through state court appellate review, whatever time is left on the one-year time limit is the period of time Hakim has to seek federal habeas corpus review.

whatever to the prevailing party." *United States v. Ketter*, 908 F.3d 61, 65 (4th Cir. 2018) (alterations original) (quoting *Knox v. Serv. Emps. Int'l Union, Local 1000*, 567 U.S. 298, 307 (2012)). If the matter is moot, "the mootness, however it may have come about," would "deprive[ ]" this Court of its "power to act." *Spencer*, 523 U.S. at 18. "[Q]uestions of subject matter jurisdiction . . . may (or, more precisely, must) be raised *sua sponte* by the court." *Brickwood Contractors, Inc. v. Datanet Eng'g, Inc.*, 369 F.3d 385, 390 (4th Cir. 2004). Because Hakim was attacking his pretrial detention but is now convicted of the charges, the Court does not have the power to grant the relief requested by him and his claim is moot.

As to Hakim's claim that the *Hicks* deadline was violated, he fails to state a cognizable ground for relief. Under Maryland law there is a requirement that the prosecution bring a defendant to trial within 180-days of the appointment of counsel or the appearance of counsel unless a postponement for good cause shown is granted by the trial court. *See* Md. Rule 4-271(a)(1); *Hicks v. State*, 285 Md. 310 (1979). The assertion that Maryland's 180-day requirement has been violated does not implicate Hakim's Sixth Amendment right to a speedy trial.

Assuming that the alleged violations occurred, they are not cognizable claims for federal habeas corpus relief. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). "[I]t is not the province of a federal habeas court to reexamine state-court determinations on state-law questions. In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States." *Id.* at 68. Thus, Hakim's state law claim is not cognizable.

## C.

For the reasons set forth above, I shall dismiss Hakim's Amended Petition, without prejudice, because he has failed to show that special circumstances exist for the Court to intervene

in the then ongoing state criminal proceedings, and the claim is now moot.  A separate Order follows.

March 5, 2024  /s/
Date  Ellen L. Hollander
United States District Judge